# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**JILL CRANE,**
    PLAINTIFF,

**v.**

**MARY FREE BED REHABILITATION HOSPITAL,**
    DEFENDANT.

**GAFKAY & DAFOE, PLC**
**BY:   JULIE A. GAFKAY (P53680)**
Attorney for Plaintiff                    **"DEMAND FOR JURY TRIAL"**
175 S. Main Street
Frankenmuth, Michigan 48734
(989) 652-9240
jgafkay@gafkaylaw.com

There is no other civil action between the parties arising out of the same transaction or occurrence as alleged in this Complaint pending in this Court, nor has any such action been previously filed and dismissed or transferred after having been assigned to a judge, nor do I know of any other civil action, not between the parties, arising out of the same transaction or occurrence as alleged in this Complaint that is either pending or was previously filed and dismissed, transferred, or otherwise disposed of after having been assigned to a Judge in this Court.

## PLAINTIFF'S COMPLAINT AND JURY DEMAND

**NOW COMES** Plaintiff, Jill Crane, by and through her attorney, GAFKAY & DAFOE, PLC, by Julie A. Gafkay and files this Complaint against Defendant, Mary Free Bed Rehabilitation Hospital, as follows:

1. Plaintiff, Jill Crane (hereinafter "Plaintiff") is a citizen of the United States and resides in the County of Kent, State of Michigan.

2. Defendant, Mary Free Bed Rehabilitation Hospital (hereinafter "Defendant") is a non-profit corporation located in the County of Kent, State of Michigan.

3. This is a civil action brought pursuant to Federal claims under 42 U.S.C. §1981 and Title VI of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000, *et seq.* for racial discrimination.

4. Plaintiff also asserts State claims against Defendant under the Michigan Elliott-Larsen Civil Rights Act and a common law tort claim for intentional infliction of emotional distress.

5. Plaintiff has also filed a Charge of Discrimination with the Michigan Department of Civil Rights and Equal Employment Opportunity Commission for race discrimination and retaliation. Plaintiff reserves the right to amend her Complaint to assert claims under Title VII once the administrative procedure has been exhausted.

6. This Court has federal question jurisdiction under 28 U.S.C. §1331 and supplemental jurisdiction over Plaintiff's State claims.

## RELEVANT FACTS

7. Plaintiff is African-American.

8. Plaintiff began her employment as a temporary nurse on the floor with Defendant in or about 2000.

9.   In or about 2008, Plaintiff accepted a position as Nursing Supervisor with Defendant.

10.   Plaintiff is well-qualified for her position as Nursing Supervisor and has sought promotions within Defendant.

11.   In or about October of 2011, Plaintiff participated in a leadership meeting with management employees of Defendant including the Director of Nursing at the time, Connie Brown-Olds.

12.   The Director of Nursing told the nursing supervisors present, including Plaintiff, that a Caucasian patient had been admitted into the facility and the family did not want "any Black caregivers caring for him."

13.   Plaintiff immediately objected to the racially discriminatory directive at the time, however, the Director of Nursing disregarded Plaintiff's objection and told the leadership team that Defendant was going to honor the patient's wishes.

14.   Plaintiff, who has a Masters in Nursing, was precluded from caring for the said patient even if the patient's call light was on or a beeper in the patient's room went off for the sole reason that she is African-American.

15.   Plaintiff, who is a Nursing Supervisor, was required to give the directive to her nursing subordinates that any African-American caregivers were not to go into the said patient's room solely because the color of their skin.

16.   Plaintiff felt harassed, humiliated and discriminated against as a result of the assignment of the said patient based on race.

17.   In or about October of 2012, Plaintiff applied for the position of Director of Education.

18.   Plaintiff was well-qualified for the position; Plaintiff has Masters in Nursing, she has worked as an adjunct and instructor at several colleges, and has worked in nursing since 1985.

19.   Despite Plaintiff's superior qualifications, Plaintiff was denied the promotion which was given to a Caucasian applicant with no nursing experience.

20.   In or about 2012, an African-American nurse, Timika Foster, was denied a promotion to a nursing supervisor position.

21.   A Caucasian nurse was instead promoted to the position Timika Foster applied for even though she only had an associate's degree in nursing and no prior rehabilitation experience.

22.   Plaintiff believed the decision not to promote Timika Foster was based, at least in part, on her race and, therefore, Plaintiff assisted Ms. Foster with a complaint regarding the failure to be promoted.

23.   In or about June of 2013, Plaintiff applied for another promotion to the position of Nurse Manager, however, Defendant allegedly did not want to fill the position because a new Director of Nursing was being hired. However, other positions were filled between June to the present such as clinical coordinators, even though a new Director of Nursing was being hired.

24.   A motiving factor for Plaintiff not being promoted is because of her race and complaints of racial discrimination.

25.   Plaintiff has suffered damages as result of the above.

# COUNT I - 42 USC §1981 RACE DISCRIMINATION CLAIM AGAINST DEFENDANT WITH REGARD TO DENIAL OF ENJOYMENT OF ALL BENEFITS, PRIVILEGES, TERMS AND CONDITIONS OF EMPLOYMENT

26. Plaintiff hereby re-alleges and incorporates by reference the above paragraphs.

27. Plaintiff is African-American.

28. Defendant intentionally discriminated against African-American employees, including Plaintiff, when it required that no African-American employees care for a certain Caucasian patient in or about October of 2011.

29. The said racial discrimination related to Plaintiff's employment with Defendant and she was denied the enjoyment of all benefits, privileges, terms and conditions of that employment relationship because of her race.

30. Accordingly, Plaintiff hereby asserts a 42 U.S.C. 1981 claim against Defendant.

31. That as a direct and proximate result of Defendant's aforesaid violations of Plaintiff's rights, Plaintiff has suffered and sustained reassignment, emotional distress and mental anguish, past and future injuries to feelings including extreme embarrassment and humiliation, past and future outrage, damages to reputation, and whatever punitive damages are recoverable herein.

# COUNT II - 42 USC §1981 RACE DISCRIMINATION AND RETALIATION CLAIM AGAINST DEFENDANT WITH REGARD TO FAILURE TO PROMOTE

32. Plaintiff hereby re-alleges and incorporates by reference the above paragraphs.

33. Plaintiff complained of race discrimination by Defendant.

34. Defendant was aware of Plaintiff's complaint of race discrimination.

35. Plaintiff applied for a promotion to the Director of Eduction in October of 2012, and was denied. She applied for a promotion to Nurse Manager in June of 2012 which wasn't filled.

36. A motivating factor for Plaintiff's denial of promotion opportunities was her complaint of race discrimination.

37. A motivating factor for Plaintiff's denial of promotion opportunities is her race.

38. Accordingly, Plaintiff hereby asserts a 42 U.S.C. 1981 claim against Defendant with regard to failure to be promoted.

39. As a direct and proximate result of Defendant's aforesaid violations of Plaintiff's rights, Plaintiff has suffered and sustained past and future wage loss, emotional distress and mental anguish, past and future injuries to feelings including extreme embarrassment and humiliation, past and future outrage, damages to reputation, and whatever punitive damages are recoverable herein.

### COUNT III - MICHIGAN ELLIOTT-LARSEN CIVIL RIGHTS ACT RACE DISCRIMINATION CLAIM AGAINST DEFENDANT AS TO DENIAL OF BENEFITS, PRIVILEGES, TERMS AND CONDITIONS OF EMPLOYMENT

40. Plaintiff hereby re-alleges and incorporates by reference the above paragraphs.

41. At all material times, Plaintiff was an employee, and Defendant was her employer, covered by and within the meaning of the Michigan Elliott-Larsen Civil Rights Act, MCL §37.2101, *et seq*.

42. Plaintiff is African-American.

43. Defendant intentionally discriminated against African-American employees, including Plaintiff, when it required that no African-American employees care for a certain Caucasian patient in or about October of 2011.

44. The said racial discrimination related to Plaintiff's employment with Defendant and she was denied the enjoyment of all benefits, privileges, terms and conditions of that employment relationship because of her race.

45. Accordingly, Plaintiff hereby asserts a claim for race discrimination against Defendant pursuant to the Michigan Elliott-Larsen Civil Rights Act.

46. That as a direct and proximate result of Defendant's aforesaid violations of Plaintiff's rights, Plaintiff has suffered and sustained reassignment, emotional distress and mental anguish, past and future injuries to feelings including extreme embarrassment and humiliation, past and future outrage, and damages to reputation.

### COUNT IV - MICHIGAN ELLIOTT-LARSEN CIVIL RIGHTS ACT RACE DISCRIMINATION AND RETALIATION CLAIM AGAINST DEFENDANT WITH REGARD TO FAILURE TO PROMOTE

47. Plaintiff hereby re-alleges and incorporates by reference the above paragraphs.

48. Plaintiff complained of race discrimination by Defendant.

49. Defendant was aware of Plaintiff's complaint of race discrimination.

50. Plaintiff applied for a promotion to the Director of Education in October of 2012 and was denied. She applied for a promotion to Nurse Manager in June of 2012 which wasn't filled.

51. A motivating factor for Plaintiff's denial of promotion opportunities was her complaint of race discrimination.

52. A motivating factor for Plaintiff's denial of promotion opportunities is her race.

53. Accordingly, Plaintiff hereby asserts a race discrimination and retaliation claim against Defendant under the Michigan Elliott-Larsen Civil Rights Act with regard to the failure to be promoted.

54. That as a direct and proximate result of Defendant's aforesaid violations of Plaintiff's rights, Plaintiff has suffered and sustained past and future wage loss, emotional distress and mental anguish, past and future injuries to feelings including extreme embarrassment and humiliation, past and future outrage, and damages to reputation.

## COUNT V - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS OF PLAINTIFF BY DEFENDANT

55. Plaintiff hereby re-alleges and incorporates by reference the above paragraphs.

56. Defendant's conduct as outlined above was intentional.

57. Defendant's conduct as outlined above was extreme, outrageous, and of such character as not to be tolerated by a civilized society.

58. Defendant's conduct as outlined above was for an ulterior motive or purpose.

59. Defendant's conduct resulted in severe and serious emotional distress.

60. As a direct and proximate result of Defendant's conduct, Plaintiff has been damaged in the manner outlined above.

## COUNT VI - TITLE VI OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. §2000d to 2000d-7

61. Plaintiff hereby re-alleges and incorporates by reference the above paragraphs.

62. Defendant is the recipient of federal financial assistance from the United States Department of Health and Human Services.

63. Defendant discriminated against Plaintiff on the basis of race.

64. The discrimination was intentional.

65. That as a direct and proximate result of Defendant's aforesaid violations of Plaintiff's rights, Plaintiff has suffered and sustained reassignment, emotional distress and mental anguish, past and future injuries to feelings including extreme embarrassment and humiliation, past and future outrage, damages to reputation, and whatever punitive damages are recoverable herein.

66. Plaintiff requests that this Court enter judgment against Defendant for the following relief:

1. An award to Plaintiff of compensatory damages sufficient to compensate her for mental anguish and emotional distress, embarrassment and humiliation, and damage to her professional reputation as a result of Defendant's actions.

2.	An award of past and future wages as a result of Defendant's failure to promote Plaintiff.

3.	An award to Plaintiff of punitive damages against Defendant as a result of the reckless indifference with which it violated Plaintiff's rights under the law.

4.	An award to Plaintiff of the costs and disbursements of this action, including reasonable attorney fees pursuant to statute.

5.	An award to Plaintiff of other and additional legal and/or equitable relief to which she may be entitled.

## DEMAND FOR JURY TRIAL

Plaintiff, hereby demands a Trial by Jury in the above-entitled matter.

Respectfully submitted,

Dated: 11/27/2013                GAFKAY & DAFOE, PLC

s/Julie A. Gafkay
JULIE A. GAFKAY (P53680)
Attorney for Plaintiff
175 S. Main Street
Frankenmuth, Michigan 48734
(989) 652-9240
jgafkay@gafkaylaw.com